# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | |
| *Plaintiffs,* | Case No. 20 CV 2281 |
| v. | Judge |
| MCDOWELL TIRE CO., a Missouri corporation; and MCDOWELL GROUP, LTD., a Missouri corporation; | Magistrate Judge |
| *Defendants.* | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendants allege as follows:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Chicago, Illinois. Venue

is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and the Pension Fund's Board of Trustees is the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Board of Trustees administers the Pension Fund at 8647 West Higgins Road, Chicago, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants, and its beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant McDowell Tire Co. ('McDowell Tire") is a corporation organized under the laws of the State of Missouri.

8. Defendant McDowell Group, Ltd. ("McDowell Group") is a corporation organized under the laws of the State of Missouri.

## CLAIM FOR RELIEF

9. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 8 of this Complaint as though fully set forth herein.

10. On or about September 29, 2019, J. Mark McDowell directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of McDowell Group.

11. On or about September 29, 2019, McDowell Group directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of McDowell Tire.

12. Based on the above, on or about September 29, 2019, McDowell Group and McDowell Tire were a group of trades or businesses under common control (the "McDowell Controlled Group") and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

13. The McDowell Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

14. During relevant times, McDowell Tire was bound by collective bargaining agreements with certain local unions affiliated with the International Brotherhood of Teamsters under which McDowell Tire was required to make contributions to the Pension Fund on behalf of certain of its employees.

15. The Pension Fund determined that on September 29, 2019, the McDowell Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

16. As a result of this complete withdrawal, the Pension Fund determined that the McDowell Controlled Group incurred joint and several withdrawal liability to the Pension Fund

in the principal amount of $2,246,952.63, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

17. On or about December 13, 2019, the McDowell Controlled Group, through McDowell Tire, received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). The notice demanded full payment of the entire amount of the withdrawal liability by January 1, 2020, pursuant to section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Appendix E, § 5(e)(2) of the Pension Fund's Plan. The amount demanded was $2,246,952.63, the balance owed at that time on the withdrawal liability.

18. To date, the McDowell Controlled Group has not made its lump-sum payment of $2,246,952.63 or any portion thereof.

19. The McDowell Controlled Group did not timely initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amount demanded by the Pension Fund is due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

20. Each of the Defendants, as members of the McDowell Controlled Group, are jointly and severally liable to the Pension Fund for the withdrawal liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendants, jointly and severally, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

    (i) the past due withdrawal liability payment in the amount of $2,246,952.63;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase

                Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

    (iii)    an amount equal to the greater of interest on the past due withdrawal liability payment or liquidated damages of 20% of the past due withdrawal liability payment; and

    (iv)    attorney's fees and costs.

(b)    Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c)    Such further or different relief as this Court may deem proper and just.

                Respectfully submitted,

*/s/ Rebecca K. McMahon*
Rebecca K. McMahon (ARDC #06290192)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
847-939-2477
rmcmahon@centralstatesfunds.org

April 13, 2020                *ATTORNEY FOR PLAINTIFFS*